# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| **DANIEL BLAKE and**<br>**CLAIRE BLAKE**<br>**on behalf of themselves and all**<br>**others similarly situated,**<br><br>           **Plaintiffs,**<br><br>**v.**<br><br>**DOUBLE D'S KENOSHA, LTD d/b/a Jimmy**<br>**Johns, a Domestic Corporation, and**<br>**MICHAEL DURSO, and, TIFFANY**<br>**GENAME,**<br><br>           **Defendants.** | **CASE NO.**<br><br><br><br>**COLLECTIVE AND CLASS**<br>**ACTION COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.　　This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiffs Daniel Blake and Claire Blake, on behalf of themselves and all other similarly situated current and former non-exempt, tipped, employees of Defendants Double D's Kenosha, LTD ("Double D's Kenosha"), Michael Durso ("Durso") and Tiffany Gename ("Gename"), for purposes of obtaining relief under the FLSA and WWPCL for unpaid minimum wages, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Double D's Kenosha is a Wisconsin corporation that owns several Jimmy John's restaurants located in various counties in Wisconsin, including Milwaukee County, and has been in operation since 2003. Durso is a co-owner as is his daughter, Gename. Double D's Kenosha is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1). Double D's Kenosha's employees are engaged in interstate commerce and Double D's Kenosha's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of employment, Double D's Kenosha's employees handled goods, including perishable produce and other food products that moved in interstate commerce.

3.     Double D's Kenosha operated and continues to operate an unlawful compensation system that deprives current and former non-exempt, tipped, employees of their wages earned for all compensable work time. Specifically, Double D's Kenosha has required its employees to perform uncompensated work after their scheduled shifts. Additionally Double D's Kenosha has required tipped employees to perform duties outside their tipped positions, failed to inform tipped employees of the provisions of the tip credit subsection of the FLSA thereby paying employees sub-minimum hourly wages, and required tipped employees to use their personal vehicles and failed to reimburse those employees for the mileage accumulated on those personal vehicles.

4.     Double D's Kenosha's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

5.     Daniel Blake, as an individual, complained of violations of the FLSA and was subsequently terminated in retaliation for his complaints.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

7.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Double D's Kenosha has substantial and systematic contacts in this district.

## PARTIES

9.     Defendant Double D's Kenosha is a Wisconsin corporation with a principal place of business at 1707 38th Court, in the City of Kenosha, County of Kenosha, in the State of Wisconsin, 53144.  Double D's Kenosha's registered agent for service of process in the State of Wisconsin is Tiffany Gename located at 1707 38th Court, in the City of Kenosha, County of Kenosha, in the State of Wisconsin, 53144.  Double D's Kenosha

10.     Defendant Michael Durso ("Durso") is a co-owner of Double D's Kenosha. Durso oversees the day-to-day operation of Double D's Kenosha and has operation control over the human resources and compensation aspects of Double D's Kenosha.

11.      Defendant Tiffany Gename ("Gename") is a co-owner and registered agent of Double D's Kenosha.  Gename  oversees the day-to-day operation of Double D's Kenosha and

has operation control over the human resources and compensation aspects of Double D's Kenosha.

12.     Defendants Double D's Kenosha, Durso and Geneame will be collectively referred to as "Defendants" hereinafter.

13.     Plaintiff Daniel Blake is an adult who resides in the City of West Allis, County of Milwaukee, State of Wisconsin, 53214.  Plaintiff Daniel Blake's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and made a part of this Complaint.  Plaintiff Daniel Blake is a former employee of Defendants who worked as a delivery driver within the last three years from the date of filing of this Complaint.

14.     Plaintiff Claire Blake is an adult who resides in the City of West Allis, County of Milwaukee, State of Wisconsin, 53214.  Plaintiff Claire Blake's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B and made a part of this Complaint.  Plaintiff Claire Blake is a current employee of Defendants who has worked as a delivery driver within the last three years from the date of filing of this Complaint.

15.     Plaintiff Daniel Blake and Plaintiff Claire Blake (hereinafter "Plaintiffs") bring this action on behalf of themselves and all other similarly situated employees of Defendants. Plaintiffs performed similar job duties as other non-exempt, tipped, delivery drivers employed by Defendants and were subjected to Defendants' same policy of denying compensation for all hours worked as those other non-exempt, tipped delivery drivers.

## GENERAL ALLEGATIONS

16.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

Case 2:14-cv-01107-LA   Filed 09/11/14   Page 4 of 25   Document 1

Collective Class: All persons who are or have been employed by Defendants as delivery drivers within three years prior to this action's filing date (hereinafter "Collective Class").

17. Plaintiffs and the Collective Class work or have worked for Defendants as hourly delivery drivers at locations in Wisconsin within the three years preceding the filing of this complaint.

18. Defendants' handbook contains the terms and conditions of employment for its employees including Plaintiffs and the Collective Class.

19. Defendants also required Plaintiffs and the Collective Class to sign a Driver Agreement, stating the hourly wage they would be paid plus tips.

20. During the relevant time period, until approximately 2014, Defendants failed to inform Plaintiffs and the Collective class about the tip credit provisions in accordance with the FLSA, 29 U.S.C. § 203(m).

21. During the relevant period of time, Plaintiffs and the Collective Class were required to use their personal vehicles in the performance of their duties, but Defendants either refused or failed to reimburse the Plaintiffs and the Collective Class for the mileage accumulated on their vehicles.

22. During the relevant time period, until approximately November 2013, Plaintiffs and the Collective Class were paid less than minimum wage pursuant to Defendants' Driver Agreement.

23. During the relevant time period, until approximately November 2013, Plaintiffs and the Collective Class were required to perform non-tipped work and paid less than minimum wage.

24.     Defendants suffered or permitted Plaintiffs and the Collective Class to work without being paid appropriate compensation for each hour worked.

25.     Defendants, as a matter of policy and practice, do not pay their employees for all hours of compensable work including work performed after the end of a scheduled shift amounting to fifteen to thirty minutes of unpaid work.

26.     These practices resulted in Plaintiffs and the Collective Class being denied minimum wage compensation by Defendants.

27.     Defendants suffered or permitted Plaintiffs and the Collective Class to perform work after the end of their scheduled shift and after punching out for the day within the three years preceding the filing of this complaint. The effect of such a practice was for Defendants to deny Plaintiffs and the Collective Class their agreed upon wage for the hours worked that were not counted as work.

28.     Defendants do not maintain proper time records for Plaintiffs and the Collective Class. Defendants do not maintain proper records of the start and end time of each employee's workday.

29.     Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

30.     Upon information and belief, Defendant Durso has operational control of Double D's Kenosha.

31.     Upon information and belief, Defendant Durso is involved in the day-to-day operations of Double D's Kenosha.

32.     Upon information and belief, Defendant Durso is a co-owner of Double D's Kenosha.

33.     Upon information and belief, Defendant Durso has final authority to make decisions of importance with regard to the business operations of Double D's Kenosha.

34.     Upon information and belief, Defendant Durso has final authority to make decisions of importance with regard to the personnel operations of Double D's Kenosha.

35.     Upon information and belief, Defendant Durso has final authority to make decisions of importance with regard to the compensation of Double D's Kenosha's employees.

36.     Upon information and belief, Defendant Durso's signature appeared on Plaintiffs and the Collective Class' pay checks.

37.     Upon information and belief, Defendant Durso has the authority to hire or fire Double D's Kenosha's employees.

38.     Upon information and belief, Defendant Gename has operational control of Double D's Kenosha.

39.     Upon information and belief, Defendant Gename is involved in the day-to-day operations of Double D's Kenosha.

40.     Upon information and belief, Defendant Gename is a co-owner of Double D's Kenosha.

41.     Upon information and belief, Defendant Gename has final authority to make decisions of importance with regard to the business operations of Double D's Kenosha.

42.     Upon information and belief, Defendant Gename has final authority to make decisions of importance with regard to the personnel operations of Double D's Kenosha.

43.     Upon information and belief, Defendant Gename has final authority to make decisions of importance with regard to the compensation of Double D's Kenosha's employees.

44.     Upon information and belief, Defendant Gename's signature appeared on Plaintiffs and the Collective Class' pay checks.

45.     Upon information and belief, Defendant Gename has the authority to hire or fire Double D's Kenosha's employees.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

46.     The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the Collective Class.

47.     The FLSA claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

48.     Upon information and belief, Plaintiffs and the Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation.  The claims of Plaintiffs stated herein are the same as those of the Collective Class.

49.     Plaintiffs and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including minimum wages.

50.     The FLSA 216(b) Collective Class is readily ascertainable.  For purpose of notice and other purposes related to this action, their names, phone numbers, and addresses are readily available from Defendants.  Notice can be provided to the Collective Class via first class mail to

the last address known to Defendants and through posting at Defendants' facilities in areas where postings are normally made.

<u>**RULE 23 CLASS ALLEGATIONS - WISCONSIN**</u>

51.     Plaintiffs bring their Wisconsin state law claims, pursuant to the WWPCL, under Fed. R. Civ. P. 23 on behalf of all persons who were or are employed by Defendants as a delivery drivers and were denied the agreed upon wage for each hour worked, including minimum wage for each hour worked and wages for hours worked but not recorded by Defendants, on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Wisconsin Class."

52.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

53.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred members of the Wisconsin Class.

54.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be

sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practice of Defendants, as alleged herein, failing to compensate employees at the agreed upon rate for each hour worked, including minimum wages for each hour worked and wages for hours worked but not recorded by Defendants pursuant to the WWPCL. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiffs and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

55.     Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous Plaintiffs in wage and hour cases.

56.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

57.    Important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58.    Defendants have violated and continue to violate the WWPCL regarding payment of wages.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

59.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a)  Whether the work performed by Plaintiffs and the Wisconsin Class is compensable under federal law and/or Wisconsin law;

b)  Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Class to perform work for Defendants' benefit without being properly compensated;

c) Whether Defendants failed to maintain true and accurate records for all hours worked by the Wisconsin Class as required by Wisconsin Law;

d) Whether Defendants failed to pay the Wisconsin Class for all work Defendants suffered or permitted them to perform; and

e) The nature and extent of class-wide injury and the measure of damages for the injury.

60.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended – Minimum Wage
### (Plaintiffs on behalf of themselves and the Collective Class)

61.     Plaintiffs, on behalf of themselves and the Collective Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

62.     At all times material herein, Plaintiffs and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

63.     At all times material herein, Double D's Kenosha was an employer of Plaintiffs and the Collective Class as provided under the FLSA.

64.     At all times material herein, Durso was an employer of Plaintiffs and the Collective Class as provided under the FLSA.

65.     At all times material herein, Gename was an employer of Plaintiffs and the Collective Class as provided under the FLSA.

66.     Plaintiffs and the Collective Class worked as delivery drivers and were not exempt from the minimum wage provisions of the FLSA.

Case 2:14-cv-01107-LA   Filed 09/11/14   Page 12 of 25   Document 1

67.     Plaintiffs and the Collective Class, worked as tipped employees, and were paid by Defendants an hourly rate less than the full applicable minimum wage.

68.     Although Defendants took a tip credit in paying hourly wages to Plaintiffs and the Collective Class, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m). Defendants failed to inform Plaintiffs and the Collective Class of the tip credit subsection.

69.     In addition, Defendants regularly required Plaintiffs to perform non-tipped work, while failing to pay minimum wages while engaged in those non-tipped duties.

70.     Finally, Plaintiffs and the Collective Class were required to use their personal vehicles in the performance of their duties but Defendants refused and/or failed to reimburse the Plaintiffs and the Collective Class for mileage to their personal vehicles.

71.     Plaintiffs and the Collective Class are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

72.     Defendants violated the FLSA by failing to account for and compensate Plaintiffs and the Collective Class for minimum wage pay for each hour he/she worked each workweek.

73.     In perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records for all of the time worked by Plaintiffs and the Collective Class.

74.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 201, et. seq.

75.     Defendants were and are subject to the minimum wage requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

76.     Defendants' failure to properly compensate Plaintiffs and the Collective Class and failure to properly record all compensable work time was willfully perpetrated.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to minimum wages, Plaintiffs and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

77.     As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiffs and the Collective Class for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

78.     Plaintiffs and the Collective Class are entitled to damages equal to the mandated minimum wage within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

79.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended – Failure To Pay Agreed Upon Wage
#### (Plaintiffs on behalf of themselves and the Collective Class)

80.     Plaintiffs, on behalf of themselves and the Collective Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

81.     In the three years prior to the filing of this Complaint, Plaintiffs and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

82.     Plaintiffs and the Collective Class are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

83.     At all times material herein, Double D's Kenosha was an employer of Plaintiffs and the Collective Class as provided under the FLSA.

84.     At all times material herein, Durso was an employer of Plaintiffs and the Collective Class as provided under the FLSA.

85.     At all times material herein, Gename was an employer of Plaintiffs and the Collective Class as provided under the FLSA.

86.     Defendants violated the FLSA by failing to account for and compensate Plaintiffs and the Collective Class for minimum wage pay for each hour he/she worked.

87.     In perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records for all of the time worked by Plaintiffs and the Collective Class.

88.     The FLSA regulates, among other things, the payment of minimum wages by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

Case 2:14-cv-01107-LA   Filed 09/11/14   Page 15 of 25   Document 1

89.     Defendants were and are subject to the minimum pay requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

90.     Defendants' failure to properly compensate Plaintiffs and the Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay minimum wages, Plaintiffs and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

91.     As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiffs and the Collective Class for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

92.     Plaintiffs and the Collective Class are entitled to damages equal to the mandated minimum wage within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

93.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid minimum wages.

## THIRD CLAIM FOR RELIEF
### Violation of WWPCL – Failure to Pay Agreed Upon Wage
### <u>(Plaintiffs on behalf of themselves and the Wisconsin Class)</u>

94.    Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

95.    At all relevant times, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Stat. §109.01(1r).

96.    At all relevant times, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Stat. §103.001(5).

97.    At all relevant times, Plaintiffs and the Wisconsin Class were employees within the meaning of Wis. Stat. §104.01(2)(a).

98.    At all relevant times, Double D's Kenosha was an employer within the meaning of Wis. Stat. §109.01(2).

99.    At all relevant times, Double D's Kenosha was an employer within the meaning of Wis. Stat. §103.001(6).

100.    At all relevant times, Double D's Kenosha was an employer within the meaning of Wis. Stat. §104.01(3)(a).

101.    At all relevant times, Double D's Kenosha was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

102.    At all relevant times, Double D's Kenosha has employed, and/or continues to employ Plaintiffs and the Wisconsin Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

103.    At all relevant times, Durso was an employer within the meaning of Wis. Stat. §109.01(2).

104. At all relevant times, Durso was an employer within the meaning of Wis. Stat. §103.001(6).

105. At all relevant times, Durso was an employer within the meaning of Wis. Stat. §104.01(3)(a).

106. At all relevant times, Durso was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

107. At all relevant times, Durso has employed, and/or continues to employ Plaintiffs and the Wisconsin Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

108. At all relevant times, Gename was an employer within the meaning of Wis. Stat. §109.01(2).

109. At all relevant times, Gename was an employer within the meaning of Wis. Stat. §103.001(6).

110. At all relevant times, Gename was an employer within the meaning of Wis. Stat. §104.01(3)(a).

111. At all relevant times, Gename was an employer within the meaning of Wis. Admin. §DWD 272.01(5).

112. At all relevant times, Gename has employed, and/or continues to employ Plaintiffs and the Wisconsin Class as within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.* 104.01 *et seq.* and Wis. Admin. Code § DWD 272.01.

113. Plaintiffs and the Wisconsin Class have been entitled payment from Defendants at the agreed upon wage, as defined in Wis. Stat. §109.01(3), for each hour worked by Plaintiffs and the Wisconsin Class pursuant to Wis. Stat. §109.03.

Page 18 of 23

114. Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class members regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

115. At all relevant times, Defendants had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class compensation for all hours worked.

116. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

117. Defendants violated the WWPCL by failing to properly compensate Plaintiffs and the Wisconsin Class for each hour worked by Plaintiffs and the Collective Class.

118. Defendants willfully failed to pay Plaintiffs and the Wisconsin Class for all hours of compensable work including work performed after the end of a scheduled shift amounting to fifteen to thirty minutes of unpaid work, in violation of Wisconsin Wage Payment Laws.

119. As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs, on behalf of themselves and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

120. Plaintiffs, on behalf of themselves and the Wisconsin Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## FOURTH CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act of 1938 as Amended – Retaliation
### (Plaintiff, Daniel Blake as an Individual)

121.    Plaintiff, Daniel Blake, as an individual, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

122.    The FLSA prohibits, among other things, employers from "discharge[ing] or in any other manner discriminat[ing] against an employee because such employee has filed any complaint." 29 U.S.C. § 215(a)(3)

123.    On September 6, 2013, Daniel Blake's wages were deducted by $10.50 for an undelivered sandwich.

124.    On September 7, 2013, Daniel Blake called Jenny Beckner ("Beckner"), General Manager, and asked if the charge would be removed.  In response, Beckner indicated that the charge would not be removed.

125.    On September 8, 2013, Daniel Blake sent email correspondence to Bryant Buford ("Buford"), District Manager, and requested that the charge be removed and that he be reimbursed for his withheld wages.

126.    When Daniel Blake did not receive a response from Buford, he sent email correspondence to Buford again and requested that the company address his complaint and reimburse him.

127.    On October 19, 2013, Daniel Blake attended a store meeting wherein he complained about the low mileage rate the Defendants were paying delivery drivers whom used their own vehicles and Defendants failure to reimburse drivers for using their personal vehicles to run errands for Defendants.

128.     On October 22, 2013, Daniel Blake met with Durso, Gename, and Beckner about his previous complaint. During the meeting, Daniel Blake complained that he believed it was wrong for Defendant to withhold his wages for an undelivered sandwich, that delivery drivers spent a significant amount of time in the store performing non-tipped work, and that delivery drivers were forced to use their personal vehicles to run errands for Defendants.

129.     On October 23, 2013, Daniel Blake sent email correspondence to Defendant's email account and complained about violations of the FLSA with respect to Defendants requirement that tipped employees perform non-tipped work while paying them below minimum wage.

130.     In response to the email in paragraph 112, above, Buford sent Daniel Blake an email on October 30, 2013, requesting that Daniel Blake no longer submit his complaints in writing and that future complaints must be brought to him verbally. Buford, however, did not address Daniel Blake's FLSA complaints.

131.     On November 8, 2013, Daniel Blake had a meeting with Durso wherein he complained that he was owed back wages for the hours he worked in the shop and requested a copy of the drivers logs.

132.     On November 16, 2013, Daniel Blake was terminated.

133.     At all times material herein, Daniel Blake has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

134.     By discharging Daniel Blake for complaining about FLSA violations, Defendants retaliated against Daniel Blake in violation of the FLSA, 29 U.S.C. § 215(a)(3).

135.    As a result of the aforesaid willful violations of the FLSA's retaliation provisions, Daniel Blake is entitled to reinstatement, payment of wages lost and an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

136.    Pursuant to FLSA, 29 U.S.C. § 216(b), Daniel Blake is also entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting a FLSA retaliation action.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a)  At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly situated current and former hourly delivery drivers informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action.  Additionally, such notice will include a statement informing the similarly situated current, future, and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b)  At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)  At the earliest possible time, issue an Order appointing McDonald & Kloth as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

e)  Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid minimum wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f)  Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid

agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and minimum wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiffs and all other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiffs and all other similarly situated employees with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury under federal law.

Dated this 11th day of September 2014.

Respectfully submitted,

Christopher M. Kloth
State Bar No. 1061498
Shannon D. McDonald
State Bar No. 1036954


McDonald & Kloth, LLC
1840 N. Farwell Avenue
Suite 205
Milwaukee, WI 53202
(414) 395-8774 (office)
(612) 804-0871 (direct)
(414) 395-8773 (facsimile)
cmk@themklaw.com
sdm@themklaw.com

Attorneys for Plaintiffs

Case 2:14-cv-01107-LA   Filed 09/11/14   Page 23 of 25   Document 1

## <u>NOTICE OF CONSENT TO JOIN</u>

Pursuant to 29 U.S.C. § 216(b), I, <u>Daniel Blake</u>, consent to become a
Print name

party plaintiff in this action.

<u>09/02/14</u>
DATE

<u>Daniel Blake (signature)</u>
DANIEL BLAKE

# EXHIBIT

<u>A</u>

## NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(b), I, _Claire Blake_ , consent to become a
Print name

party plaintiff in this action.

_9/02/2014_
DATE

_[signature]_
CLAIRE BLAKE

# EXHIBIT

_B_